GEARHART & BENSON, APPELLEES, V. FRENCHMAN VALLEY
IRRIGATION DISTRICT ET AL., APPELLANTS.

FILED FEBRUARY 26, 1915.   No. 18,697.

**Waters:** IRRIGATION: APPROPRIATION: VESTED RIGHTS.   A completed
  appropriation of water for power under the law of 1877 is a vested
  right, of which subsequent appropriators for irrigating purposes
  are bound to take notice, and the priority, if unchallenged, is not
  lost by failure to demand an adjudication under the law of 1895.
  *Kearney Water & Electric Powers Co. v. Alfalfa Irrigation District,*
  *ante,* p. 139, followed.

APPEAL from the State Board of Irrigation, Highways
and Drainage.   *Affirmed.*

*W. S. Morlan, C. E. Eldred* and *J. F. Cordeal,* for appellants.

*Flansburg & Flansburg* and *G. C. Proud, contra.*

ROSE, J.

This is an application to the state board of irrigation
for the adjudication of a water right.   Gearhart and Benson, plaintiffs, claimed the right to divert from the Republican river 200 cubic feet of water a second for the purpose of operating a flour-mill near Arapahoe.   Their claim
was resisted by defendants, who are upper appropriators of
water for irrigation.   The work of constructing the plant
owned by plaintiffs was begun July 24, 1879.   It was completed December 31, 1879.   Since that time the right thus
acquired has been continuously exercised.   Separate, adjudicated appropriations of defendants date from 1890 to
1912.   The state board of irrigation decreed that plaintiffs acquired the right to divert for power at the headgate of their millrace 195 cubic feet of water a second, and
that the appropriation dates from July 24, 1879.   Defendants have appealed.

It is argued by defendants that plaintiffs have no valid
appropriation, because they did not give notice of their

claim or present it to the state board of irrigation for adjudication until June 10, 1912; that the doctrine known as "balance of convenience" should be applied, because the use of water for irrigation is more important than its use for power; that the claim of plaintiffs should have been rejected, because they allowed defendants, without notice or objection, to expend $300,000 in improvements for the purpose of using for irrigation waters of the Republican river and its tributaries. On the record in the present case, there being no dispute about the controlling facts, these propositions are questions of law which were recently decided adversely to defendants in the case of *Kearney Water & Electric Powers Co. v. Alfalfa Irrigation District, ante,* p. 139. It is unnecessary to restate the rules of law announced in the case cited or the reasons for the conclusions reached. The findings of the state board of irrigation are proper deductions from the evidence, and the decree correctly applies the law.

It was asserted in argument below that defendants had acquired prescriptive rights superior to the claim of plaintiffs, but this question is not adjudicated.

AFFIRMED.

LETTON, FAWCETT and HAMER, JJ., not sitting.